[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-13825

_____

D.C. Docket No. 1:14-cr-00208-WSD-RGV-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PHYLLIS GRANT,
a.k.a. Phyllis Williams,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(November 21, 2016)

Before ED CARNES, Chief Judge, ANDERSON, Circuit Judge, and
CHAPPELL,* District Judge.

_____

*Honorable, Sheri Polster Chappell, United States District Judge for the Middle District of
Florida, sitting by designation.

PER CURIAM:

We have had the benefit of oral argument, and have carefully studied the briefs and relevant parts of the record.  We conclude that the judgment of the district court shall be affirmed.  We conclude that the district court did not abuse its discretion in excluding certain parts of the proposed testimony of Dr. Schwenke.  Fed.R.Evid. 704(b) provides:  "In a criminal case, an expert witness must not state an opinion about whether the defendant did or did not have a mental state or condition that constitutes an element of the crime charged or of a defense.  Those matters are for the trier of fact alone."  The excluded testimony was an "opinion about whether the defendant did or did not have a mental state … that constitutes an element of the crime charged.

Defendant's challenge to the district court's enhancement of her offense level under Guideline §2B1.1(b)(2)(C) is without merit.  That Guideline provides for a six-level enhancement if the conspiracy involved more than 250 victims.  Assuming arguendo, as defendant urges, that the term "victim" does not include a person who allows his or her personal information to be used in a fraudulent tax return, there was ample evidence to support the district court's finding that there were more than 250 victims.  More than 350 fraudulent returns were received in the post office boxes which defendant opened and at defendant's own personal address – all addresses which defendant knowingly permitted Henry to use in his

2

fraudulent return scheme.  Defendant's argument that the term "victim" should not include individuals who willingly allowed their personal identification information to be used – i.e., were complicit – is based on the evidence that defendant provided to Henry the personal identification information about several of her relatives who may have been complicit in the charged conspiracy.  However, there was ample evidence to support the district court's finding that the number of such possibly complicit individuals could not have reduced the more than 350 fraudulent returns proven to less than the 250 victims necessary to support the six-level enhancement.

Other arguments of defendant on appeal are without merit and warrant no discussion. The judgment of the district court is

AFFIRMED.